

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARY UPDEGRAFF                                                                              PLAINTIFF

VERSUS                                          CIVIL ACTION NO.: 2:20cv 89-KS-MTP

CENTON BANCORP, INC. AND
RICHTON BANK AND TRUST                                                      DEFENDANT

---

COMPLAINT
(JURY TRIAL DEMANDED)

---

COMES NOW, Plaintiff, by and through her attorney Benjamin U. Bowden of

Vaughn & Bowden, PA, and files this her Complaint against Centon Bancorp, Inc. and

Richton Bank and Trust, and in support of same, would show unto this Court as follows,

to wit:

PARTIES

1.      That Plaintiff is an adult resident citizen of Perry County Mississippi whose

address is 39982 Highway 63 North, Mississippi.

2.      Defendant, Centon Bancorp, Inc., is a Mississippi corporation and holding

company of Defendant, Richton Bank and Trust Company, and can be served with

process upon its registered agent, William S. Granberry, Jr. at 114 South Front Street,

Richton, Mississippi 39476.

3.      Defendant, Richton Bank and Trust Company, is a Mississippi corporation

which is wholly owned and held by Defendant, Centon Bancorp, Inc., and can be served with process upon William S. Granberry, Jr. at 114 South Front Street, Richton, Mississippi 39476.

JURISDICTION

4.      That this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, as this action involves laws of the United States (Federal Question). Furthermore, this Court has venue in this cause pursuant to the General Venue Statute, 28 U.S.C. § 1391, in as much as the claim arose out of actions which were performed in substantial part in this judicial district.

FACTS

5.      Plaintiff, former Vice President and Loan Processor with Defendant would show that on or about January 29, 2018, she filed an EEOC charge in which she alleged sexual harassment and hostile work environment which resulted in her constructive termination from Defendant. These charges were the subject of an extensive investigation by the EEOC which ultimately resulted in a Determination issued on January 31, 2020, wherein the EEOC Area Director concluded, " that there is reasonable cause to believe that Respondent (Defendant) subjected the Charging Party (Plaintiff) and another female employee to a hostile work environment of a sexual nature and their work condition became so deplorable until a reasonable person would have been compelled to resign." See Determination attached hereto as Exhibit "A." That Determination also invited

2

Defendant to participate in conciliation which Defendant never accepted. Thereafter, on

or about February 27, 2020, the EEOC Director issued a Notice of Right to Sue, a copy of

which is attached as Exhibit "B." Hence, it is clear that Plaintiff has exhausted her

administrative remedies, and has filed this Complaint within the required ninety (90) day

time limitation.

6.      Plaintiff alleges herein that her supervisor, Ralph Olier, who is President

and Director of Defendant, Centon Bancorp, Inc., and President of Defendant, Richton

Bank and Trust, repeatedly subjected Plaintiff to sexual harassment and a hostile work

environment of a sexual nature. These acts were sufficiently severe and pervasive as to

alter the conditions of Plaintiff's employment and created an abusive working

environment. Further, these unlawful acts were of such a nature that it compelled

Plaintiff to resign. Further, Plaintiff would assert that the actions of Ralph Olier were so

open and pervasive that the Defendants knew or should have known of said actions, and,

therefore, Defendants' board possessed constructive knowledge of those actions. Indeed,

Ralph Olier is a member of the Board of Directors of Defendants. In other words,

Defendants' board members or other superiors of Ralph Olier should have known of his

actions if they had exercised reasonable care. Indeed, Plaintiff would assert that other

directors did possess knowledge. Additionally, whether or not there may have been a

grievance policy in place, this does not absolve Defendant of liability, as Mr. Olier's

supervisors or other directors either had actual or constructive knowledge of the acts of

3

Olier. Further, Plaintiff was subject to Defendants' structures, customs and practices, which caused her to reasonable believe that if she reported these discriminatory and harassing actions to any other Directors, including William Granberry (owner of Defendants), she would have been met with additional retaliatory actions. Therefore, Plaintiff was faced with the impossible choice of continuing to live with the harassing actions or to make additional reports of same, and face increased harassment. This ultimately resulted in Plaintiff's reasonable decision to resign her long-term employment, for which she consistently received glowing evaluations over the years of her employment.

<u>DAMAGES</u>

7.     Plaintiff would show that as a proximate result of the above referenced actions and/or inactions on the part of Ralph Olier and Defendants, she has suffered losses of back pay and front pay, sustained other financial loss, and sustained mental/emotional injuries for which Plaintiff is entitled to recover of and from Defendant. Additionally, Plaintiff would state that she is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, as well as to recover other damages she has sustained which will be shown at trial.

8.     Further, Plaintiff would assert that Defendants acted with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff, therefore, is entitled to punitive damages to be decided by a jury, subject to any statutory limitations.

WHEREFORE, PREMISES CONSIDERING, Plaintiff would pray that Plaintiff demands judgment of and from Defendant in an amount to be determined by a jury in this cause, to include, but not limited to: front pay, back pay, damages for emotional distress, punitive damages, attorney's fee and court cost, together with pre-judgment and post-judgment interest.

RESPECTFULLY SUBMITTED, this the 12th day of May, 2020.

BY:   s/ *Benjamin U. Bowden*

Benjamin U. Bowden, Esq. (MSB 3733)
Vaughn & Bowden, PA
8927 Lorraine Rd, Suite 204-B
Gulfport, Mississippi 39503
Telephone: (228) 896-5652
Facsimile: (228) 896-5689
Email: bowden@vaughnbowden.com
Email: srodgers@vaughnbowden.com

s/ *M. McIntosh Forsyth*

M. McIntosh Forsyth, Esq. (MSB 54323)
P.O. Box 636
Richton, MS 39476
Telephone: (601)-788-5642
Email: forsyth@bellsouth.net